# Third District Court of Appeal

## State of Florida

Opinion filed January 20, 2021.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-143
Lower Tribunal No. 19-2105
_____

**Denise Moise,**
Appellant,

vs.

**Ola Condominium Association, Inc., et al.,**
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Barbara Areces, Judge.

Pierre Simon, and Faudlin Pierre (Fort Lauderdale), for appellant.

Murphy & Walker, P.L., and Lewis W. Murphy, Jr., and Elisa C. Mills (Vero Beach), for appellees William G. Essig, P.A., and William G. Essig.

Before FERNANDEZ, HENDON, and LOBREE, JJ.

PER CURIAM.

Denise Moise ("Moise") appeals from a final order granting William G. Essig, P.A.'s and William G. Essig's (collectively, "Essig") motion to dismiss all counts alleged against Essig in Moise's counterclaim. We affirm, in part, reverse, in part, and remand with directions.

In January 2019, Ola Condominium Association, Inc. ("Association") filed a condominium lien foreclosure action against Moise and Law Administration Services, LLC ("LAS"), asserting, among other things, that LAS may claim an interest in Moise's property by virtue of an "inferior" claim of lien. The Association's lawsuit was filed by William G. Essig of William G. Essig, P.A., and the claim of lien was signed by William Essig, as the Association's "Attorney and Agent." A default was later entered against LAS.

In addition to filing an answer and affirmative defenses, Moise filed a counterclaim against the Association and Essig, and a crossclaim against LAS, asserting several causes of action. Moise alleged, in part, that in February 2016, the Association entered into a Collection, Preservation and Foreclosure Services Agreement ("Agreement") with LAS, wherein the Association assigned to LAS the Association's right, title, and interest in the delinquent condominium assessments, and the right for LAS to file suit in its name to collect the delinquent assessments. After entering into the Agreement, in March 2016 and February 2018, LAS executed claims of lien

2

based on Moise's alleged failure to pay past due assessments, which claims of lien were recorded in the public records.

Moise further alleged that despite assigning its rights to LAS, the Association retained Essig to collect allegedly delinquent assessments against Moise, and in July and August 2018, the Association, "via its agents" Essig, sent collection letters to Moise, threatening to file a lien against her condominium unit if the debt was not paid and to also file a foreclosure action. The counterclaim alleges that, prior to filing the September 2018 claim of lien and instituting the underlying lawsuit, Essig was aware of the Agreement because in May 2018, the Association, through its agents Essig, filed a separate lawsuit against LAS for breach of the Agreement, specific performance, and equitable accounting.

Moise asserted the following relevant counts: Count II—unlawful filing of false documents (the September 2018 claim of lien) in violation of section 817.535 of the Florida Statutes, against the Association, Essig, and LAS; Count III—violations of the Fair Debt Collection Practices Act against Essig; and Count IV—violations of the Florida Consumer Collection Practices Act, section 559.72(9), Florida Statutes, against the Association, Essig, and LAS, based on communications with Moise for debt collection purposes and by filing the underlying lawsuit, despite having knowledge that the Association

3

had no entitlement to collect any debt from Moise or to file the underlying lawsuit as a result of the Agreement with LAS. Moise also filed a notice of lis pendens to the Association, Essig, and LAS, stating that she has instituted an action under section 817.535 (filing of false document), and is seeking to have the recorded claim of lien filed by the Association sealed and removed from electronic databases.

Essig filed a Motion to Dismiss Counterclaim or in the Alternative, Motion to Stay and/or Sever Counterclaim ("Motion to Dismiss"). In support of the Motion to Dismiss, Essig argued that Moise improperly attempted to join a non-party attorney as a counter-defendant and the litigation privilege bars the two state law claims (Counts II and IV).

The trial court conducted a hearing on Essig's Motion to Dismiss. Following the hearing, the trial court entered a final order granting the Motion to Dismiss, finding that (1) non-parties William G. Essig, P.A. and William G. Essig were improperly named as counter-defendants in Counts II, III, and IV of Moise's counterclaim; and (2) the litigation privilege bars Count II and Count IV of the counterclaim asserted against William G. Essig, P.A. and William G. Essig with prejudice. The trial court ordered that the notice of lis pendens filed by Moise is dissolved as to William G. Essig, P.A. and William G. Essig, and Moise shall amend the notice of lis pendens to remove any

4

reference to them. Moise's appeal followed.

Moise contends that the trial court erred by finding that the state claims alleged against Essig in Counts II and IV are barred by the litigation privilege. We agree.

In both Rhonda Hollander, P.A. v. Fortunato, 45 Fla. L. Weekly D825 (Fla. 3d DCA Apr. 8, 2020), and Rhonda Hollander, P.A. v. Adrien, 45 Fla. L. Weekly D825 (Fla. 3d DCA Apr. 8, 2020), this Court held that the litigation privilege was not applicable under the circumstances. In both cases, it was asserted in the respective operative complaints that Rhonda Hollander, P.A. and Rhonda Hollander (collectively, "Hollander") allegedly violated section 559.72, Florida Statutes (2014), of the Florida Consumer Collection Practices Act, by sending threatening collection letters demanding the payment of maintenance assessments, and other amounts pursuant to the Declaration. In finding that the litigation privilege was not applicable, this Court noted in each case that Hollander sent the threatening collection letters "despite having actual knowledge that the Declaration was expired and unenforceable under the provisions of Florida's Marketable Record Title Act, Florida Statute, Chapter 712," and therefore, Hollander "had no basis to proceed with the collection of these dues." Fortunato, 45 Fla. L. Weekly at D825; Adrien, 45 Fla. L. Weekly at D825.

5

Similarly, in the instant case, Moise alleged that Essig had knowledge that the Association and LAS had entered into the Agreement, wherein the Association assigned to LAS the Association's right, title, and interest in the delinquent condominium assessments, and the right for LAS to file suit in its name to collect the delinquent assessments. As such, Essig, as the Association's agent, had no basis to proceed with the collection efforts, the filing of the claim of lien, or the underlying lawsuit. Thus, based on Fortunato and Adrien, we conclude that the trial court erred by determining that Counts II and IV were barred by Florida's litigation privilege.[1] Accordingly, we reverse the portion of the order on appeal dismissing Counts II and IV of the counterclaim alleged against Essig, and on remand, the notice of lis pendens is not dissolved and Moise is not required to amend the notice of lis pendens.[2]

The remaining arguments do not merit discussion.

---

[1] Although William G. Essig, P.A. and William G. Essig were not named as parties in the original action, under the circumstances in this case, they were properly named as counter-defendants under Florida Rule of Civil Procedure 1.170(h) as to Counts II and IV. However, as an original party was not named in Count III of the counterclaim, the trial court properly determined that William G. Essig, P.A. and William G. Essig were improperly named as counter-defendants in Count III. As such, we affirm the dismissal as to Count III.

[2] We take no position as to any of the counts alleged in the counterclaim against William G. Essig, P.A. or William G. Essig.

Accordingly, we affirm, in part, reverse, in part, and remand with directions.